UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PORCUPINE HOLDINGS, INC., d/b/a A.C.'S BAR AND GRILL, JAMES M. CURLEY, BRENDEN SAND, IAN GODLEE, and MICAH GREEN,<br><br>    Defendants. | Civil Action No.: 2:25-cv-04055-BHH<br><br>COMPLAINT FOR DECLARATORY RELIEF |

    Plaintiff, Admiral Insurance Company ("Admiral"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and all other applicable law, hereby files this Complaint for Declaratory Relief against Defendants, Porcupine Holdings, Inc., d/b/a A.C.'s Bar and Grill ("AC's Bar"), James M. Curley, Brenden Sand, Ian Godlee, and Micah Green ("Claimant") (collectively, "Defendants"), alleging as follows:

## THE PARTIES AND NATURE OF THE DISPUTE

    1.    This is a Civil Action wherein Admiral requests a judicial determination of the Parties' rights, duties, obligations, and entitlements, relative to a policy of insurance, numbered CA000044970-01, which was effective April 1, 2022 through April 1, 2023 ("Policy"). *A copy of the Policy is attached hereto as **Exhibit A**.*

    2.    Admiral is a corporation organized under the laws of the State of Delaware. Admiral maintains its principal place of business in Arizona.

    3.    At all times relevant, Admiral was and is authorized to transact business in

the State of South Carolina. Admiral submits itself to the jurisdiction and venue of this Court for purposes of this case only.

4. Defendant AC's Bar is a corporation organized under the laws of the State of South Carolina. It maintains its principal place of business in Charleston, South Carolina. AC's Bar is a citizen of South Carolina and is diverse from Admiral.

5. Defendant James M. Curley is a citizen and resident of Charleston County, South Carolina.

6. Defendant Brenden Sand is a citizen and resident of Charleston County, South Carolina.

7. Defendant Ian Godlee is a citizen and resident of Anne Arundel County, Maryland.

8. Defendant Micah Green is a citizen and resident of Charleston County, South Carolina.

9. The Defendants are citizens of South Carolina, whereas Admiral is a citizen of Arizona and Delaware. Accordingly, complete diversity of citizenship exists amongst the Parties.

**JURISDICTION, VENUE, AND APPLICABLE LAW**

10. Admiral incorporates the allegations of Paragraphs 1 through 9, above, as if fully set forth herein.

11. This Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 2202, and Fed. R. Civ. P. 57. Complete diversity exists between the Parties, and the amount in controversy exceeds seventy-five thousand dollars

($75,000.00), exclusive of all fees and costs, as the damages claimed by co-Defendant Micah Green in the Underlying Action, described below, total $3,151,325.70. Further, this Court has jurisdiction under 28 U.S.C. §§ 2201(a) and 2202 because Admiral seeks declaratory relief concerning an actual controversy within this Court's jurisdiction.

12. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) because the Underlying Action, defined below, for which AC's Bar seeks defense and indemnity coverage pursuant to the Policy and which is the subject of this action, is situated in this District.

13. A substantial part of the events giving rise to the claims described herein occurred in South Carolina. The Policy insures interests located in Charleston County, South Carolina. South Carolina law applies to the adjudication of this Action and the Policy.

## THE LOSS EVENT

14. Admiral incorporates the allegations of Paragraphs 1 through 13, above, as if fully set forth herein.

15. On or about August 2, 2022, co-Defendant Micah Green filed a legal complaint in an action styled *Micah Green v. Porcupine Holdings, Inc., d/b/a A.C.'s Bar and Grill; James M. Curley; Brenden Sand; Quad Borup; Ian Godlee; Zack Costello; and, John Does Nos. 1-5*, Case No. 2022-CP-10-03443, in the Court of Common Pleas for the Ninth Judicial Circuit in Charleston County, South Carolina (the "Underlying Action").[1] See **Exhibit B**, *Underlying Complaint*.

---

[1] Although Mr. Green included Messrs. Borup and Costello as named parties in the

16. The Underlying Action alleges that co-Defendants Sand and Godlee, along with Mr. Raymond "Quad" Borup IV and Mr. Zackary Costello, "were customers, patrons and business invitees of" AC's Bar, located at 467 King Street, Charleston, South Carolina, on or about July 8, 2022. *Id., ¶¶ 12, 14.*

17. AC's Bar allegedly continued to serve "intoxicating liquors" to Messrs. Sand, Godlee, Borup, and Costello "while they were intoxicated." *Id., ¶¶15-18.*

18. Thereafter, at "[a]bout 1:55 a.m.," Messrs. Sand, Godlee, Borup, and Costello left AC's Bar.

19. Allegedly, Messrs. Sand, Godlee, Borup, and Costello followed co-Defendant Green and three other individuals "out of the bar onto King Street." *Id., ¶¶21-22. See also* **Exhibit C**, *Affidavit of Quad Borup, ¶¶15-19;* **Exhibit D**, *Affidavit of Zackary Costello, ¶¶10-12.*

20. According to two affidavits filed with the court by co-Defendant Green in the Underlying Action, Messrs. Borup and Costello observed co-Defendants Sand and Godlee "aggressively" following co-Defendant Green and the three other individuals on King Street. *See* **Exhibit C**, *Affidavit of Quad Borup, ¶¶15-19; see also* **Exhibit D**, *Affidavit of Zackary Costello, ¶¶10-12.*

21. Also according to the aforementioned affidavits, Messrs. Borup and Costello separated themselves by "nearly a block or more's distance," temporarily losing sight of co-Defendants Sand and Godlee as they turned a corner. *See* **Exhibit C**, *Affidavit of Quad Borup, ¶¶15-19; see also* **Exhibit D**, *Affidavit of Zackary Costello,*

---

Underlying Complaint, Mr. Green dismissed Mr. Costello on September 21, 2022, and Mr. Borup on October 12, 2022.

¶¶*10-12.*

22.  Thereafter, co-Defendant Sand attacked co-Defendant Green, striking him in the face (the "Assault and Battery"). *Id.,* **Exhibit C,** *Affidavit of Quad Borup, ¶21;* **Exhibit D,** *Affidavit of Zackary Costello, ¶12; see also* **Exhibit B,** *Underlying Complaint, ¶21.*

23.  According to the Underlying Complaint, the "assault and battery upon Green did forcibly break Green's jawbone in three locations, dislodged his teeth and fractured bone," resulting in "personal injury, severe pain, torment, anguish, ordeal, emotional disbelief, anger, endured surgery, … additional surgeries, … complications, and … substantial financial losses and medical costs" (the "Bodily Injury"). *See* **Exhibit B,** *Underlying Complaint, ¶¶25, 30-31-44.*

24.  The alleged Assault and Battery caused the alleged Bodily Injury.

25.  Neither the alleged Assault and Battery nor Bodily Injury occurred at 467 King Street, Charleston, South Carolina.

## THE UNDERLYING CIVIL ACTION

26.  Admiral incorporates the allegations of Paragraphs 1 through 25, above, as if fully set forth herein.

27.  On August 8, 2022, Co-Defendant Green served the Complaint in the Underlying Action upon AC's Bar. *See* **Exhibit E,** *Affidavit of Service.*

28.  AC's Bar did not file an answer or response to the Complaint.

29.  AC's Bar did not obtain an extension to answer or otherwise respond to the Complaint.

5

30.     On September 13, 2022, in the Underlying Action, co-Defendant Green filed a request for entry of default against AC's Bar, which the court granted on October 14, 2022. *See **Exhibit F**, Affidavit of Default; see also **Exhibit G**, Order of Entry of Default of Defendant Porcupine Holdings Inc. d/b/a A.C.'s Bar and Grill.*

31.     On November 3, 2022, co-Defendant Green filed a Motion for Default Judgment against AC's Bar for $3,151,325.70. *See **Exhibit H**, Notice of Motion and Motion for Default Judgment; see also **Exhibit I**, Affidavit of Damages and Costs.*

32.     Thereafter, AC's Bar retained Mr. Daniel Nathan Davis ("Mr. Daniel Davis"), who, on May 2, 2023, in the Underlying Action, filed a Notice of Appearance on behalf of AC's Bar.

33.     On September 25, 2023, Admiral received its first notice of the Underlying Action.

34.     Prior to September 25, 2023, neither Mr. Daniel Davis nor AC's Bar notified Admiral of the Underlying Complaint or Underlying Action.

35.     Prior to September 25, 2023, neither Mr. Daniel Davis nor AC's Bar had filed an answer or other response to the Underlying Complaint, secured an extension to answer or otherwise respond to the Underlying Complaint, or filed a motion to vacate the entry of default.

36.     After receiving notice of the Underlying Action, Admiral assigned Mr. Benjamin Davis ("Mr. Benjamin Davis") of McAngus Goudelock & Courie, LLC to defend AC's Bar under a reservation of rights.

37.     On October 6, 2023, Mr. Davis filed an answer to the Underlying

Complaint and moved to set aside the entry of default.

38. On July 22, 2024, the Court denied the motion to set aside entry of default, ruling that AC's Bar's delays were unjustified and did not constitute good cause to overcome the default. *See **Exhibit J**, Form 4 Judgment.*

## THE POLICY

39. Admiral incorporates the allegations of Paragraphs 1 through 38, above, as if fully set forth herein.

40. The Policy affords certain insurance coverage to AC's Bar via two primary Coverage Forms – a Commercial General Liability Coverage Form and a Liquor Liability Coverage Form – and their related endorsements. *See Ex. A., Policy, Form CG 00 01 04 13 and Form CG 00 33 04 13*.

41. Provisions within the Policy, including these Coverage Forms and their related endorsements, preclude coverage to AC's Bar, relative to the Loss Event, Underlying Complaint, Assault and Battery, and Bodily Injury discussed above.

42. Coverage under the Policy requires, among other things, AC's Bar to "notify [Admiral] as soon as practicable" of all "demands, notices, summonses or legal papers received." *Id., Form CG 00 01 04 13, p. 11 of 16 and Form CG 00 33 04 13, p. 4 of 6*.

43. AC's Bar did not notify Admiral as soon as practicable of the Underlying Complaint or Action and such lack of notification materially prejudiced Admiral.

44. In addition, the Policy's Commercial General Liability Coverage Form contains an exclusion entitled, Liquor Liability Exclusion, which precludes coverage for

7

Bodily Injury, as defined by the Policy, for which "an insured may be held liable by reason of … [c]ausing or contributing to the intoxication of any person," "furnishing of alcoholic beverages to a person . . . under the influence of alcohol," or "[a]ny statute, ordinance or regulation relating to the sale, gift distribution or use of alcoholic beverages." *Id., Form CG 00 01 04 13, p. 2 of 6; see also id., Form AD 08 42 02 16, Bodily Injury Redefined, p. 1 of 1*.

45.     The Liquor Liability Exclusion applies even if allegations alleged against an insured relate to negligence in the "supervision, hiring, employment, training or monitoring of others" by the insured, if the Occurrence causing the Bodily Injury involves any of the foregoing. *Id., Form CG 00 01 04 13, p. 2 of 6.* The Exclusion also applies even if the insured is "in the business of . . . selling, serving or furnishing of alcoholic beverages." *Id.*

46.     The Liquor Liability Exclusion in the Policy's Commercial General Liability Coverage Form precludes coverage to AC's Bar, relative to the insurance afforded by the Policy's Commercial General Liability Coverage Form.

47.     The Policy's Commercial General Liability Coverage Form also limits its insurance to "only" that Bodily Injury "that takes place in its *entirety* at the premises shown in the Schedule," which is located at 467 King Street in Charleston, South Carolina.[2] *Id., Form AD 69 13 12 12, p. 1 of 1 (emphasis added)*.

48.     Neither the Assault and Battery nor Bodily Injury alleged in the Underlying

---

[2] The Designated Premises Endorsement lists the Scheduled Premises as 476 King Street, Charleston, SC 29403. However, the Endorsement has since been amended to reflect the correct address of AC's Bar, 467 King Street, Charleston, SC 29403.

Complaint occurred at 467 King Street in Charleston, South Carolina.

49.    Turning to the Policy's Liquor Liability Coverage Form, it affords certain insurance for Bodily Injury resulting from the "selling, serving or furnishing of any alcoholic beverage." *Id., Form CG 00 33 04 13, p. 1 of 6.*

50.    Such coverage is limited, though, to a $250,000.00 event limit, inclusive of <u>defense costs and indemnity</u>, if the Bodily Injury "aris[es] out of, [is] related to, caused by, contributed to by, or [is] *in any way connected with*" an "assault or battery event," which the Policy defines as "any act that includes physical assault or physical battery committed against an individual person by anyone." *Id., Form AD 69 28 03 19, p. 1 of 3 (emphasis added)*.

51.    Because the alleged Bodily Injury arose out of, is related to, was caused by, or was "in any way connected with" the alleged Assault and Battery, any coverage that may exist under the Policy's Liquor Liability Coverage Form would be limited to the aforementioned $250,000 limit.

### COUNT I: DECLARATORY JUDGMENT
**(No Coverage Due to Late Notice.)**

52.    Admiral incorporates the allegations of Paragraphs 1 through 51, above, as if fully set forth herein.

53.    The Policy requires that once a claim or suit is brought against an insured, the insured must notify Admiral "as soon as practicable" of that claim or suit, including any "demands, notices, summonses or legal papers received" in connection with the claim or suit. *Id., Form CG 00 01 04 13, p. 11 of 16 and Form CG 00 33 04 13, p. 4 of 6.*

54.    AC's Bar and Mr. Curley were served with the Complaint in the Underlying

Action on August 8, 2022. AC's Bar did not notify Admiral of the Complaint or Underling Civil Action until September 25, 2023. By that time, the Court had already entered a default against AC's Bar and Admiral's interests were materially prejudiced. *See Ex. I., Form 4 Judgment*.

55. AC's Bar materially breached its contractual duties when it failed to timely notify Admiral of the Underlying Action.

56. Accordingly, no coverage exists under the Policy.

## COUNT II: DECLARATORY JUDGMENT
### (Coverage Under the Commercial General Liability Coverage Form is Precluded by Each, the Liquor Liability Exclusion and the Designated Premises Endorsement.)

57. Admiral incorporates the allegations of Paragraphs 1 through 56, above, as if fully set forth herein.

58. Should this Court disagree that the notice by AC's Bar was timely, which Admiral disputes, no coverage exists under the Commercial General Liability Coverage Form for two independent reasons. First, the Liquor Liability Exclusion precludes coverage; and second, the Designated Premises Endorsement applies.

59. As stated above, the Liquor Liability Exclusion bars coverage for Bodily Injury for which "an insured may be held liable by reason of … [c]ausing or contributing to the intoxication of any person," "furnishing of alcoholic beverages to a person . . . under the influence of alcohol," or "[a]ny statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." *See Ex. A., Policy, Form CG 00 01 04 13, p. 2 of 6; see also id., Form AD 08 42 02 16, Bodily Injury Redefined, p. 1 of 1*.

60. The Exclusion applies even if allegations against the insured relate to

negligence in the "supervision, hiring, employment, training or monitoring of others", if the Occurrence causing the Bodily Injury involves any of the foregoing. *Id., Form CG 00 01 04 13, p. 2 of 6.* The Exclusion also applies even if the insured is "in the business of . . . selling, serving or furnishing of alcoholic beverages." *Id.*

61. AC's Bar is in the business of selling, serving, or furnishing alcoholic beverages. *See Ex. B., Underlying Compl., ¶¶12-13.* The Underlying Complaint alleges that AC's Bar was negligent or grossly negligent in serving alcohol to Messrs. Sand, Godlee, Borup, and Costello, who were already intoxicated, and that such alcoholic service caused or contributed to the Bodily Injury alleged. *Id., ¶¶15-23.*

62. Accordingly, the Liquor Liability Exclusion applies, and as a result, the Policy's Commercial General Liability Coverage Form does not cover the Claim.

63. In addition, the Designated Premises Endorsement affords coverage only for Bodily Injury that "takes place in its <u>entirety</u> at the premises," located at 467 King Street in Charleston, South Carolina. *See Ex. A., Policy, Form AD 69 13 12 12, p. 1 of 1 (emphasis added).*

64. Here, the alleged Bodily Injury did not "take place in its <u>entirety</u> at the premises." *See Ex. C, Affidavit of Quad Borup, ¶¶18-19; see also Ex. D, Affidavit of Zackary Costello, ¶¶11-12.*

65. Accordingly, the Designated Premises Endorsement applies, and the Policy's Commercial General Liability Coverage Form does not cover the Claim.

## COUNT III: DECLARATORY JUDGMENT
### (The Maximum Coverage Available Under the Liquor Liability Coverage Form is Limited to a $250,000 Eroding Limit.)

66. Admiral incorporates the allegations of Paragraphs 1 through 65, above, as if fully set forth herein.

67. Should this Court rule that the notice by AC's Bar was timely, that the Liquor Liability Exclusion does not apply, or that the Policy's the Designated Premises Endorsement does not apply, all of which Admiral respectfully disputes, the maximum coverage available to AC's Bar is $250,000.00, subject to an eroding limit, per the terms of the Liquor Liability Coverage Form's "Assault or Battery Event – Limited Coverage" Endorsement.

68. The Liquor Liability Coverage Form's "Assault or Battery Event – Limited Coverage" Endorsement provides up to $250,000.00 of insurance coverage, inclusive of defense costs and indemnity, for "'bodily injury' caused by an 'assault and battery event,'" or "any act that includes physical assault or physical battery committed against an individual person by anyone." *See Ex. A., Policy, Form AD 69 28 03 19.*

69. In the Underlying Action, co-Defendant Green alleges that his Bodily Injury resulted from the Assault and Battery he incurred, after AC's Bar's selling, serving, and/or furnishing of alcoholic beverages to Mssrs. Sand, Godlee, Borup, and Costello. *See supra. See also **Exhibit B**, Underlying Complaint, ¶¶15-28*.

70. Accordingly, per the terms of the aforementioned Endorsement, the Policy's Liquor Liability Coverage Form provides a maximum of $250,000.00 of coverage, inclusive of defense costs and indemnity, for the alleged Bodily Injury co-

Defendant Green purportedly sustained.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Admiral respectfully requests that this Honorable Court issue a judicial declaration in its favor and against Defendants, that:

1. AC's Bar is in breach of the Policy via its delinquent notice and that Admiral has no duty to defend or indemnify AC's Bar, relative to the Underlying Action;

2. Alternatively, that the Liquor Liability Exclusion and/or the Designated Premises Endorsement in the Commercial General Liability Coverage Part precludes all defense and indemnification coverage to AC's Bar, relative to the Policy's Commercial General Liability Coverage Part and the Underlying Action, *and* that the Assault or Battery Event – Limited Coverage Endorsement in the Liquor Liability Coverage Part provides a maximum of $250,000.00 in coverage, inclusive of defense costs and indemnity, under the Policy's the Liquor Liability Coverage Part, for the bodily injuries alleged in the Underlying Action.

3. Admiral is entitled to an award of all reasonable costs and attorney's fees incurred in prosecuting this action; and

4. Admiral is entitled to an award of any and all additional relief that this Court deems just and proper.

Respectfully submitted, this the 14th day of May, 2025.

**[SIGNATURE ON THE FOLLOWING PAGE]**

BUTLER WEIHMULLER KATZ CRAIG LLP

<u>*/s/ T. Nicholas Goanos*</u>
T. Nicholas Goanos, SC Fed. Bar No.: 11971
11525 N. Community House Road, Suite 300
Charlotte, North Carolina 28277
Telephone:   (704) 543-2321
Facsimile:    (704) 543-2324
Email:          ngoanos@butler.legal
*Attorney for Admiral Insurance Company*